Matter No. 3039330

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN SHERWOOD and TOMASZ STACHA, | ) |
| | ) Civil Action No. 19-CV-06605 |
| Plaintiff, | ) |
| v. | ) District Judge Harry D. Leinenweber |
| | ) |
| | ) Magistrate Judge Susan E. Cox |
| CITY OF CHICAGO, et al., | ) |
| Defendant. | ) |

**DEFENDANTS JEFFREY RODRIGUEZ AND GIOVANNI RODRIGUEZ'S JOINT MOTION FOR GOOD FAITH FINDING**

NOW COMES, the Defendants, JEFFREY RODRIGUEZ and GIOVANNI RODRIGUEZ, (hereinafter "Defendants") by and through their respective counsels, SMITHAMUNDSEN, LLC and CAPUTO & POPOVIC, PC., and for their Joint Motion for Good Faith Finding pursuant to 740 ILCS 100/0.01 et seq. states the following:

1. This matter arises from a personal injury lawsuit filed by Plaintiffs, JOHN SHERWOOD and TOMASZ STACHA, (hereinafter "Plaintiffs") who allege they were injured during an altercation on September 29, 2018 at the establishment commonly known as "@mosphere" located at 5355 N. Clark St. in the City of Chicago, County of Cook, State of Illinois.

2. That on October 1, 2018, Plaintiffs filed their Complaint at Law in the Circuit Court of Cook County, Law Division, against Defendants and other named Parties – which was later amended to a Third Amended Complaint (hereinafter the "Complaint") and ultimately removed to the United State District Court for the Northern District Court of Illinois – Eastern Division, where the matter is currently pending before the Honorable District Judge Harry Leinenweber and the Honorable Magistrate Judge Susan E. Cox. *See* Complaint attached as **Exhibit A**.

Matter No. 3039330

3. Specifically, Plaintiffs' Complaint alleges that Defendants owed a duty to Plaintiffs, that Defendants physically attacked and injured Plaintiffs, and that the Defendants were negligent when Defendants failed to prevent or stop the altercation with Plaintiffs from occurring. Id.

4. Defendants have at all times in their responsive pleadings denied Defendants owed any duty to the Plaintiffs, denied they physically attacked Plaintiffs, denied the material allegations of negligence alleged against Defendants, and denied Plaintiffs were injured to the nature and extent claimed. See Defendants Answer and Affirmative Defenses to the Complaint attached as **Exhibit B**.

5. Defendants have also filed affirmative defenses alleging that Co-Defendants, ERIC ELKINS and DWAYNE JONES, and Plaintiffs were the sole proximate cause of the altercation and Plaintiffs' injuries, and that Plaintiffs' comparative fault should bar them from recovery. Id.

6. Defendants have also filed counterclaims for contribution pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 et seq., against Co-Defendants, ERIC ELKINS and DWAYNE JONES, alleging that Elkins and Jones owed a duty to Plaintiffs and physically attacked and injured Plaintiffs, and that Defendants are thereby entitled to contribution Co-Defendants, ERIC ELKINS and DWAYNE JONES in an amount consistent with their attributable fault. See Defendants Counterclaims for Contribution attached as **Exhibit C**.

7. That the Co-Defendants, ERIC ELKINS and DWAYNE JONES, have also filed counterclaims for contribution pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 et seq., against Defendants, JEFFREY RODRIGUEZ and GIOVANNI RODRIGUEZ, alleging Jeffrey and Giovanni engaged in a verbal altercation with Plaintiffs, negligently stumbled into Plaintiffs table, and failed to prevent or stop the altercation with Plaintiffs from occurring. See Co-Defendants Counterclaims for Contribution attached as **Exhibit D**.

8. That the Co-Defendant, HAK SA, Inc. d/b/a @mosphere, has also filed a counterclaim for contribution pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 et seq., against Defendants, JEFFREY RODRIGUEZ and GIOVANNI RODRIGUEZ, alleging Jeffrey and Giovanni owed a duty to Plaintiffs, physically attacked Plaintiffs, and failed to prevent or stop the altercation with Plaintiffs from occurring. *See* Co-Defendant HAK SA, Inc.'s Counterclaim for Contribution attached as **Exhibit E**.

9. Again, Defendants have at all times in their responsive pleadings denied the Co-Defendants' ERIC ELKINS, DWAYNE JONES and HAK SA, Inc. d/b/a @mosphere, allegations, and denied they are liable to Co-Defendants, or any Party, for the September 29, 2018 altercation. *See* Defendants' Answer Counterclaims for Contribution attached as **Exhibit F**.

10. That notwithstanding the above, Plaintiffs, JOHN SHERWOOD and TOMASZ STACHA, have agreed to a confidential settlement with Defendants, JEFFREY RODRIGUEZ and GIOVANNI RODRIGUEZ. The confidential settlement is contingent upon entry by this Court of a court order making a good faith finding and dismissal of Defendants, JEFFREY RODRIGUEZ and GIOVANNI RODRIGUEZ, from this case with prejudice.

11. That Plaintiffs, JOHN SHERWOOD and TOMASZ STACHA, have agreed to accept a total sum paid on behalf of JEFFREY RODRIGUEZ and GIOVANNI RODRIGUEZ.

12. The confidential settlement total monetary sum and individual monetary amounts are being withheld by agreement of the settling Parties, but such monetary sum and amounts will be made available to The Honorable District Judge Harry Leinenweber for in camera inspection upon request.

13. The Defendants deny any liability to Plaintiffs and deny any liability to the Co-Defendants, and maintain those denials, and the settlement agreement should not be construed as an admission of liability, but merely intended to terminate Defendants' role in this litigation.

Matter No. 3039330

14. That the proposed confidential settlement is a reasonable and fair compromise taking into consideration the disputes surrounding potential liability, damages and the potential costs of litigation.

15. That the confidential settlement was the result of arms' length negotiations between counsels representing Plaintiffs and the Defendants respectively.

16. That the confidential settlement was made in good faith in accordance with the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 et seq. This opinion is based upon the settling Parties' attorneys' overall familiarity with the litigation, including, but not limited to, the pleadings and discovery (including but not limited to depositions).

17. That the Plaintiffs have executed and signed releases for the above confidential settlement amounts. *See* Settlement Agreement Releases attached as **Exhibit G** (will be made available to The Honorable District Judge Harry Leinenweber for in camera inspection upon request).

18. Having reached the confidential settlement in this matter, the Plaintiffs and Defendants as Parties to the confidential settlement agreement respectfully request that this Court find, pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 et seq., that the settlement is fair, reasonable and made in good faith, operating to discharge and dismiss Defendants from any contribution claims brought or could have been brought by any non-settling Defendant, non-settling party or third party. Accordingly, the claims of Co-Defendants, ERIC ELKINS, DWAYNE JONES and HAK SA, Inc. d/b/a @mosphere, should be dismissed with prejudice.

WHEREFORE, the Defendants, JEFFREY RODRIGUEZ and GIOVANNI RODRIGUEZ, respectfully request that the Honorable Judge Harry Leinenweber, enter an Order as follows:

    a.    Finding that the settlement agreement negotiated between Plaintiffs, JOHN SHERWOOD and TOMASZ STACHA and Defendants, JEFFREY RODRIGUEZ and GIOVANNI RODRIGUEZ, is a good faith settlement as contemplated by the Illinois Contribution Act 740 ILCS 100/1 et seq.;

Matter No. 3039330

    b.    Ordering that Defendants, JEFFREY RODRIGUEZ and GIOVANNI RODRIGUEZ, be discharged and dismissed with prejudice from all liability to Plaintiffs, JOHN SHERWOOD and TOMASZ STACHA

    c.    Ordering that Defendants, JEFFREY RODRIGUEZ and GIOVANNI RODRIGUEZ, be discharged and dismissed with prejudice for contribution to Co-Defendants, non-settling party or other third-party alleged tortfeasor pursuant to paragraph 100/2(d) of the Illinois Contribution Act;

    d.    Ordering that any and all claims, counterclaims, cross-claims and/or third-party claims against Defendants, JEFFREY RODRIGUEZ and GIOVANNI RODRIGUEZ, are hereby dismissed, with prejudice and without costs;

    e.    Finding that, pursuant to Illinois Supreme Court Rule 304(a), no just reason exists for delaying appeal and/or enforcement of the Order; and

    f.    Allowing such other and further relief as the Court deems necessary and proper.

Respectfully Submitted,
**SMITHAMUNDSEN, LLC**

By: /s/ Charles J. Prochaska
Attorney for Defendant Jeffrey Rodriguez

Charles Prochaska – cprochaska@salawus.com
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Atty No: 42907

Respectfully Submitted,
**CAPUTO & POPOVIC, P.C.**

By: Nicholas Caputo
Attorney for Defendant Giovanni Rodriguez

Nicholas Caputo – ncaputo@caputolawfirm.com
Caputo & Popovic, P.C.
739 S. Western Ave.
Chicago, Illinois 60612
(312) 300-3800
Atty No: 49711