**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN SHERWOOD, et al | ) | |
| | ) | Case No. 19-cv-06605 |
| Plaintiffs, | ) | |
| | ) | Judge Harry D. Leinenweber |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| CITY OF CHICAGO, et al | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

The parties, pursuant to the Court's September 29, 2021 Minute Entry Order, [Doc. 134] provide the following status report:

**A.  Progress of Discovery/Status**

Defendant City of Chicago was dismissed by this Court on a Rule 12(c) Motion for Judgment on the Pleadings. [Doc. 137]. Defendant Village of Oak Park was voluntarily dismissed by Plaintiffs. [Doc. 58]. Defendants, Giovanni Rodriguez and Jeffrey Rodriguez, were dismissed with prejudice by this Court pursuant to settlement and a good faith finding by this Court. [Doc. 131]. This matter continues against Defendants, Dwayne Jones, Eric Elkins, and Hak Sa, Inc., d/b/a @mosphere.

The parties all agree that oral fact discovery has been completed related to the occurrence witnesses, and that the fact discovery deadline shall close only as to the eyewitness/occurrence witnesses as set by this Court, February 1, 2022. [Doc. 134]. The parties request the Court to keep oral fact discovery open as it relates to Plaintiffs' medical providers. Defendant, Dwayne Jones, will be bringing a Motion for Summary as to Counts V and XI of this Third Amended Complaint, which are claims of battery asserted by John Sherwood and Thomasz Stacha, respectively. The

remaining Defendants do not anticipate bringing a dispositive motion as to the claims against them (i.e., Elkins and Hak Sa). The Defendants desire for the Court to first rule on Defendant Jones' Motion for Summary Judgement prior to engaging in the oral discovery of Plaintiffs' medical providers, so the parties can determine which Defendants will remain in the lawsuit at trial and can first explore whether settlement of the claims against those Defendants may be feasible. Should settlement not be feasible, the Defendants anticipate they would then proceed to conduct oral discovery of Plaintiffs' medical providers, and potentially expert discovery, the extent to which has not yet been determined by the Parties. However, Plaintiffs objects to holding off on conducting oral discovery of Plaintiffs' medical treaters prior to the Court ruling on Defendant Jones' forthcoming Motion for Summary Judgment. Rather, Plaintiffs wish for oral discovery of Plaintiffs medical treaters to proceed and be completed by May 31, 2022.

**B.   Status of Briefing on Any Unresolved Motions**

None at this time. However, Defendant Jones will be filing a Motion for Summary Judgement.

**C.   Settlement Efforts**

Plaintiffs made a policy limit demand on Jones and Elkins, who are being defended under an insurance policy with a single combined limit of $300,000.00. The insurer for Jones and Elkins has filed a separate action, seeking a declaratory judgment that no coverage is afforded for the claims of battery brought against Jones and Elkins in this lawsuit. Given the pending declaratory judgment action, and Jones' anticipated Motion for Summary Judgment, no response to Plaintiffs' settlement demand as to Jones and Elkins has been made by the same. No settlement demand has been made on Hak Sa, Inc., nor has Hak Sa, Inc. extended a settlement offer to Plaintiffs.

**D.   Proposed Schedule for Next 45 Days**

The Defendants propose that this Court first rule on Defendant Jones' Motion for Summary Judgment, pursuant to the briefing schedule proposed below, prior to engaging in oral discovery of Plaintiffs' medical providers and engaging in expert discovery, if needed.

Plaintiffs propose that oral discovery of Plaintiffs' medical providers proceed at this time, with a deadline of May 31, 2022, for the completion of the same.

### E. Proposed Revised Discovery and Dispositive Motion Schedule

Pursuant to Doc. 134, fact discovery shall close on February 1, 2022. The Defendants desire to hold off on oral discovery of Plaintiffs' medical providers, as well as any expert discovery, until Jones' Motion for Summary Judgment is ruled upon by this Court. Plaintiff desires for the oral discovery of Plaintiffs' medical providers to proceed, and requests a deadline of May 31, 2022 for such depositions to be completed.

The parties are in agreement with and propose the following briefing schedule on Jones' Motion for Summary Judgment (please be advised Nathan T. Vanderlaan, counsel for Dwayne Jones, is taking the Florida Bar Exam towards the end of February and hence, the proposed Motion for Summary Judgment briefing schedule incorporates time constraints faced by said counsel as a result thereof):

| | |
|---|---|
| Jones' Motion for Summary Judgment filed by: | March 16, 2022 |
| Plaintiffs' Response to Jones' MSJ filed by: | April 13, 2022 |
| Jones' Reply on MSJ Filed by: | April 27, 2022 |

### F. Any Agreed Action The Court Can Take Without a Hearing

None at this time. Plaintiffs and Dwayne Jones respectfully request hearing on Jones' Motion for Summary Judgment prior to ruling on the same.

### G. Whether A Telephonic Hearing is Necessary and Time Urgent

No.

DATE:  January 24, 2022

Respectfully Submitted,

*/s/ Nathan T. Vanderlaan*
Lori A. Vanderlaan
Nathan T. Vanderlaan
Best, Vanderlaan & Harrington
25 E. Washington Street, Suite 800
Chicago, Illinois 60602
(312) 819-1100
lvanderlaan@bestfirm.com
nvanderlaan@bestfirm.com
eservice@bestfirm.com
**Attorneys for Defendant Dwayne Jones**